### CHRISTY vs. CASANAVE.

2ns451
45 798

2ns451
49 1242

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The plaintiff rented to the defendant a house and lot situated in this city, for three

If, on a lease for years, the tenants abandon the premises, the landlord may demand the rent for the whole term.

2NS 451
115 192
e115 193

years from the first of May 1822, the rent to be paid monthly. The latter occupied the premises, and paid the rent up to the 30th of August of last year, at which time he gave notice to the former that he would leave the premises, they being so leaky and bad, that he could dwell in them no longer.

Immediately on receiving this intimation, the petitioner applied to the parish court that all the goods, furniture, lumber &c., belonging to the defendant should be seized, sequestered, and sold, to pay him the sum of seven hundred and two dollars, being the whole amount of rent; which would, (as he averred,) hereafter become due on the contract; he also prayed, that the defendant might be cited to shew cause why judgment should not be given against him for this sum.

Citation issued according this prayer, and with it an order of the judge of the court of the first instance directed to the sheriff, and commanding him to seize and sell, all and singular, the goods, furniture and effects of the defendant; or so much thereof, as might be sufficient to pay and satisfy the plaintiff the sum of $700, *due and to become due* for house rent.

The sheriff proceeded to execute this order, and the defendant gave bond and security, and enjoined further proceedings on it. He subsequently filed an answer, denying the truth of the allegations contained in the petition ; and averring that he had a right to leave the premises. Upon these allegations the parties went to trial in the court below, and a jury found a verdict in favour of the plaintiff, from which the defendant appealed.

East'n District.
May, 1824.

CHRISTY
vs.
CASANAVE.

We were of opinion, when the argument closed in this case, that the plaintiff could not support his action ; that if he wished to enforce his contract, notwithstanding the tenant's declaration, he could only do so according to the contract ; that is, at the end of each month. But an examination of the authorities has satisfied us that landlords, who in all countries have had a great share in making laws, have secured to themselves the extraordinary privilege of enforcing the contract for the whole term, if the tenant leave the premises before the expiration of the lease. The following example is given in the roman law. *Si domus vel fundus in quinquennium pensionibus locatus sit, potest dominus, si deseruerit habitationem, vel fundi culturam colonus, vel inquilinus cum

East'nDistrict. *eis statim agere.* "If a house or a plantation
*May,* 1824. has been rented for five years, the owner may
CHRISTY bring an action at once, against the tenant or
*vs.* farmer, if he abandons the land, or leaves the
CASANAVE. house." *Dig. liv.* 19, *tit.* 2. *law* 24, *no.* 2, *ibid*
65, *no.* 2. *Febrero, p.* 1, *çap.* 6, § 1, *no.* 11.
*Ferrari's Bib. verbo Locatio, no.* 62.

Whether the defendant was authorised to
abandon the house or not, in consequence of
its wanting repairs, was a question of fact
properly submitted to the jury in the court
below, and found by them on contradictory
evidence. We have examined the testimony
on record, and are unable to say that it so pre-
ponderates in favour of the appellant, as to au-
thorise us to disturb the verdict.

The finding of the jury, that the defendant
should pay the sum between what the plaintiff
had been able to rent the premises for, since
they were abandoned, and that which was
stipulated between the parties to the original
contract, was just and equitable, and strictly
conformable to law. *Feb. p,* 1, *cap.* 6, § 1, *no.*
6. *Ferrari's Biblioth. verbo Locatio, no.* 72 & 73.

The order of seizure granted by the judge,
was not illegal; it was necessary to give effect
to the law which confers the privilege, and it is

expressly conferred by an article of our code. C. Code, 468 a 73. Whether that of sale was regular, or not, need not be enquired into, as the goods were not sold, and our present judgment cannot be in any way affected by the proceeding.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.

*Christy* for the plaintiff, *Quemper* for the defendant.